IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN DAVIS, | No. 2:15-CV-2027-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D. REAMES, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 10).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4   allege with at least some degree of particularity overt acts by specific defendants which support
5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6   impossible for the court to conduct the screening required by law when the allegations are vague
7   and conclusory.

8             Plaintiff names the following as defendants: (1) Macias; (2) Reames; and (3) Cox.
9   Plaintiff claims that defendants were deliberately indifferent to a serious safety risk.  Plaintiff
10  states that defendant Macias "fail to properly screen inmate, disregarding plaintiff's indication
11  that this will resort in physical violence due to gang affiliations. . . ."  Plaintiff claims that
12  defendant Reames is liable "for not properly taking steps to prevent or protect the safety of this
13  inmate. . . ."  Plaintiff sets forth no allegations relating to defendant Cox.

14            The court finds that plaintiff has failed to state a claim against any named
15  defendant.  Plaintiff's allegations are vague and conclusory, containing no explanation of what
16  happened, when, and by whom.  As currently set forth, plaintiff's complaint fails to satisfy even
17  the basic pleading requirements outlined above.

18            Because it is possible that the deficiencies identified in this order may be cured by
19  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
20  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
21  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
22  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
23  amend, all claims alleged in the original complaint which are not alleged in the amended
24  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
25  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
26  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: February 10, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE