IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESHAWN DAVIS,                           No. 2:15-CV-2027-JAM-CMK-P

         Plaintiff,

  vs.                                 ORDER

D. REAMES, et al.,

         Defendants.

                             /

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

          Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, based on review of plaintiff's second amended complaint and other filings in this case, it is clear that plaintiff is able to articulate his claims on his own.  Second, plaintiff's cognizable claim that defendants were deliberately indifferent to a known safety risk is not overly complex, either in terms of the applicable law or the facts.  Third, the court cannot say at this early stage of the proceedings before defendants have even appeared in the action whether plaintiff has any particular likelihood of success on the merits.  Finally, plaintiff's stated reason for requiring the appointment of counsel – his inability to afford an attorney – is quite common among California prisoners, and is not an exceptional circumstance.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 20) is denied.

DATED:  March 16, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE